UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEMAJ D. BEAL,

         Plaintiff,         Case No. 1:11-cv-319

v.         Honorable Gordon J. Quist

INGHAM COUNTY CIRCUIT COURT,

         Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendant is immune from suit.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Semaj D. Beal presently is incarcerated at the Bellamy Creek Correctional Facility. He sues the Ingham County Circuit Court.

Plaintiff alleges that he was issued a major misconduct ticket on October 11, 2010 and was found guilty on October 14, 2010. Plaintiff sought rehearing, which was denied on November 24, 2010. Thereafter, Plaintiff filed a petition for judicial review in the Ingham County Circuit Court. Plaintiff attempted to proceed in that action *in forma pauperis*, but he was directed to pay an initial partial filing fee of $3.34. Because he did not have the amount available in his prison account, Plaintiff was unable to pay the fee, and his petition was dismissed. Plaintiff now sues the Ingham County Circuit Court, alleging that the improper application of MICH. COMP. LAWS § 600.2963 denied him his First Amendment right to access the courts and his Fourteenth Amendment right to due process of law. He seeks injunctive relief and damages.

On April 12, 2011, Plaintiff filed a motion to amend his petition to change the name of the Defendant from the Ingham County Circuit Court to Judge William E. Collette.

II. <u>Sovereign Immunity</u>

The Ingham County Circuit Court is immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of

Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

The circuit courts of the State of Michigan are clearly arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland County Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum*

*v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). The Ingham County Circuit Court therefore is immune from suit under the Eleventh Amendment.

### III. Motion to Amend

Plaintiff has moved to amend his complaint to substitute William Collette as the party Defendant in this action. The motion will be denied as futile.

The gravamen of Plaintiff's complaint is that MICH. COMP. LAWS § 600.2963 was unconstitutionally applied, preventing him from pursuing his circuit court appeal from a major misconduct conviction. The Court lacks jurisdiction to hear Plaintiff's as-applied challenge to MICH. COMP. LAWS § 600.2963. The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court. A federal court has no authority to review complaints about injuries caused by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Even constitutional claims that are inextricably intertwined with the state-court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the

state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a prohibited appeal from the decision of the Michigan state court requiring him to pay an initial partial filing fee under MICH. COMP. LAWS § 600.2963(3), denying him a waiver of that initial partial filing fee under MICH. COMP. LAWS § 600.2963(7), and dismissing his action for failure to pay the required fee under MICH. COMP. LAWS § 600.2963(1). In addition, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an as-applied challenge to the constitutionality of MICH. COMP. LAWS § 600.2963(7) and (8). *See Howard v. Whitbeck*, 382 F.3d 633, 638-41 (6th Cir. 2004); *see also Hawkins v. Norwood*, No. 1:10-cv-432, 2010 WL 3398793, at *17 (W.D. Mich. Aug. 25, 2010); *Bridges v. Collette*, No. 5:06-cv-46, 2008 WL 53771, at *3 (W.D. Mich. Jan. 2, 2008); *Coleman v. Granholm*, 2008 WL 4584934, at *6 (E.D.Mich. 2008). The Court therefore lacks jurisdiction to decide Plaintiff's access-to-the-courts claim, insofar as he challenges the statute's application to him.

An exception to the *Rooker-Feldman* doctrine is that where a claim represents a "general challenge . . . to a state law implicated" in the state decision, the federal courts have jurisdiction over that general challenge. *Howard*, 382 F.3d at 639; *Catz v. Chalker*, 142 F.3d 279, 294-95 (6th Cir.1998); see also *Feldman*, 460 U.S. at 482-83 ("To the extent that Hickey and Feldman mounted a general challenge to the constitutionality of Rule 46 I(b)(3), however, the District Court did have subject-matter jurisdiction over their complaints."). Plaintiff's complaint, however, is devoid of allegations that the statute is unconstitutional on its face.

Moreover, even assuming that Plaintiff had alleged a proper facial challenge to MICH. COMP. LAWS § 600.2963, the claim is without merit. "[A] facial challenge to a legislative Act is,

of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Section 600.2963(1) requires prisoners without the resources to pay the full $150.00 civil action filing fee at the time they file their complaint to pay an initial partial filing fee calculated under § 600.2963(3). *Id.* The subsection, however, must be read *in pari materia* with the other subsections set forth under the same provision. *See Bridges*, 2008 WL 53771, at *3 (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 628-29 (1993) (holding that courts must avoid constructions of statutes that would render the statute unconstitutional)). Section 600.2963(7) permits the state court to waive the filing fee requirement "if the prisoner has no assets and no means by which to pay the initial partial filing fee." *Id.* The courts have recognized that, when the subsections of MICH. COMP. LAWS § 600.2963 are read together, section 600.2963(1) and (8) do not unconstitutionally deny indigent prisoners access to the courts because section 600.2963(7) permits courts to waive or suspend the initial partial filing fee. *Coleman*, 2008 WL 4584934, at *6; *Bridges*, 2008 WL 53771, at *3. As a result, any facial challenge to the constitutionality of MICH. COMP. LAWS § 600.2963 is without merit.

Because Plaintiff cannot state a claim for relief against William Collette, his motion to amend will be denied as futile.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because Defendant is immune from suit. Plaintiff's motion to amend will be denied as futile.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 26, 2011            /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE